HMK/mas  MM6601



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

MUTUAL MARINE OFFICE, INC.,

              Plaintiff,

   -against-

M/V RADOMYSHL, her engines,
boilers, tackle, etc., UKRAINIAN
DANUBE SHIPPING CO., H.K.
INTERNATIONAL CONSULTANTS, INC.,
K&L SHIPPING COMPANY, INC.,
AMERICAN SHIPPING & CHARTERING,
CORP.,

         Defendants.

------------------------------------X



: **COMPLAINT**



Plaintiffs through their attorney KINGSLEY & KINGSLEY allege for their complaint herein:

1.  This is a claim under the Court's Admiralty and Maritime jurisdiction with respect to the carriage of goods by water, and under the Court's diversity and pendent jurisdiction with respect to the remaining aspects of the claim.

2.  Plaintiffs are the owners or duly authorized representatives of the owners or underwriters or subrogated underwriters of cargo shipped on board the captioned vessel which is more particularly described in Schedule A hereto, and for which bills of lading were issued.

3.  Defendants were vessel owners, suppliers, sellers, shippers, inspectors, managers, operators, charterers, freight forwarders, stevedores, terminal operators, common carriers by water and by land, bailees for hire, insurers and sureties with respect to the cargo described in Schedule A hereto which was sold, shipped, inspected, carried, kept, discharged and delivered from the captioned vessel, inland conveyances, terminals and warehouses by defendants.

ClibPDF - www.fastio.com

SCHEDULE A

OUR REF:                        MM 6601

VESSEL:                         M/V RADOMYSHL

PORTS:                          RIJEKA/HOUSTON/NEW ORLEANS

BILLS OF LADING:                HOUSTON 1, 2; NEW ORLEANS 1,2,3

DATED:                          JUNE 9, 1996

DESCRIPTION OF CARGO:           STEEL PIPE

AMOUNT:                         $43,500.00

ClibPDF - www.fastio.com

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

## NOTICE OF RIGHT TO CONSENT TO DISPOSITION OF A
## CIVIL CASE BY A UNITED STATES MAGISTRATE

In accordance with the provisions of 28 U.S.C., Sec. 636(c), you are hereby notified that the United States Magistrates of this District Court, in addition to their other duties; may, upon the consent of all the parties in a civil case, conduct any or all proceedings in a civil case, including a jury or non-jury trial, and order the entry of a final judgment. Copies of appropriate consent forms, for this purpose are available from the clerk of the court.*

You should be aware that your decision to consent, or not to consent, to the referral of your case to a United States Magistrate for disposition is entirely voluntary and should be communicated solely to the clerk of the District Court. Only if all the parties to the case consent to the reference to a Magistrate will either the Judge or Magistrate to whom the case has been assigned be informed of your decision. The district judge to whom your case is assigned must approve the reference of the case to a Magistrate for disposition.

An appeal from a judgment entered by a Magistrate may be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of a District Court. 28 U.S.C., Sec. 636(c)(3). Alternatively, upon consent of all the parties an appeal may be taken to the District Court. 28 U.S.C., Sec. 636(c)(4). Cases in which an appeal is taken to the District Court may be reviewed by the Court of Appeals with leave of the latter court. 28 U.S.C., Sec. 636(c)(5). Copies of the consent forms for appeals to the District Court are available from the clerk of the court.*

* Room 14(A), Lower Lobby.

ClibPDF - www.fastio.com

4.    The cargo described in Schedule A was lost and damaged by defendants due to the fault, neglect, deviation, breach of contract, unseaworthiness, maritime tort, tortious interference with contract, breach of warranty, sinking, stranding, salvage expenses, general average and conversion of defendants, their agents and servants, and delivered by defendants in non-conforming condition, mis-delivered and non-delivered.

5.    The vessel is now or will be during the pendency of this action within the jurisdiction of this Honorable Court.

6.    Plaintiffs' sue on their own behalf and as agents and trustees on behalf of any other party who may now have or hereinafter acquire an interest in this action.

7.    Plaintiffs' damages are in excess of $43,500.00.

WHEREFORE, plaintiffs demand judgment in an amount exceeding $43,500.00 plus interest and costs and pray the Court to issue its process against the aforesaid defendants and vessel.

Dated:    April 29, 1997

                    KINGSLEY & KINGSLEY
                    Attorneys for Plaintiffs

                    BY: _____
                        HAROLD M. KINGSLEY
                        90 West Cherry Street
                        Hicksville, New York 11801
                        (516) 931-0064    HK 8660

ClibPDF - www.fastio.com